## N. Y. SUPERIOR COURT.

CHARLES P. CURRIE *et al.*, plaintiffs and appellants, agt. CUM-
BERLAND G. WHITE, defendant and respondent.

The following brief opinion of Judge McCUNN in this case, should have followed
the opinion of the court by Judge FREEDMAN, on page 330, *ante.* Through some
inadvertence, however, it got mislaid at that time. REP.

*General Term, March,* 1869.

McCUNN, J. This case, though very elaborately argued, is
susceptible, as I understand it, of a simple solution. The
contract speaks for itself. It is to sell and purchase by the
respective parties one thousand shares of the capital stock
of the Hudson River Railroad Company. This agreement is
set out in the complaint as the foundation of the action.
Neither expressly nor by implication does the contract im-
pose on the respondent an obligation to deliver to the appel-
lants anything besides these one thousand shares, nor confer
on the appellants any other right than to demand and re-
ceive delivery of these same shares. And surely the rights
and obligations *inter sese* of the parties to the contract could
not be affected by the action of strangers, *i.e.,* the Hudson
River Railroad Company. Now, the respondent tendered
performance of his agreement, pursuant to its stipulations,
and the offer having been rejected by the appellants, who
refused to accept fulfilment of the contract actually conclu-
ded between the parties, the respondent has a right to treat
the contract as rescinded, and to claim a discharge from all
its obligations. On these obvious and elementary principles,
I think, the judgment below may be sustained, without the
necessity of recourse to inferences and distinctions, which
serve rather to obscure than to elucidate the decisive point
in litigation.